UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA RINE,

      Plaintiff,

                                       CASE NO. 1:10-cv-1107

v.

                                       HON. ROBERT HOLMES BELL

OCWEN LOAN SERVICING, LLC,

      Defendant.
_____/

# **O P I N I O N**

This 15 U.S.C. § 1692 Fair Debt Collection Practices Act ("FDCPA") matter is before the Court on Defendant's motion to dismiss (Dkt. No. 3) Plaintiff's Complaint (Dkt. No. 1). For the reasons contained herein, the motion will be denied.

### **I. Background**

Plaintiff's Complaint alleges the following somewhat meager facts. Sometime prior to January 2008, Plaintiff secured a home equity loan from an entity identified in the Complaint only as "Aegis Corp." (Compl. ¶¶ 5-6, 17.) In or around January 2008, this debt was discharged in a bankruptcy proceeding. (*Id.* at ¶ 17.) Sometime either before or after this discharge, but in any case before January 2010, Plaintiff ceased both to own and to inhabit the residence which secured the home equity loan. (*Id.* at ¶¶ 15-16.) In or around January 2010, Defendant sent Plaintiff a correspondence in an attempt to collect on the home equity loan. (*Id.* at ¶ 15.) Plaintiff then made a telephone call to Defendant and informed

it that the debt had been discharged in the bankruptcy proceeding two years earlier. (*Id.* at ¶¶ 19-20.) In response, Defendant informed Plaintiff that its records did not indicate a discharge in bankruptcy and that she still owed the debt to Aegis Corp. (*Id.* at ¶¶ 21-22, 24.) Defendant continued to attempt to collect on the debt, including by way of an April 22, 2010, correspondence which failed to disclose that it was from a debt collector and which indicated, falsely, that she owed a balance for delinquent taxes on her property. (*Id.* at ¶¶ 23-26.) Defendant also sent an October 18, 2010, correspondence stating that Defendant "may report information about your account to credit bureaus" and that "[l]ate payments, missed payments, or other defaults on your account may be reflected in your credit report." (*Id.* at ¶¶ 29-30, 32.) Plaintiff alleges that Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties, and based on the foregoing facts, that Defendant violated a number of stated provisions of the FDCPA. (*Id.* at ¶¶ 10, 34.)

Defendant now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) because it argues that it is a mortgage servicer and not a "debt collector" which can be held liable under the FDCPA. (Dkt. No. 3, Def.'s Br. 2.)

## II. Legal Standard

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading. Fed. R. Civ. P. 8(a). Still, "more than bare assertions of legal conclusions [are] ordinarily required to satisfy federal notice pleading requirements." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436

(6th Cir. 1988)). "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989)).

A motion brought pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, the Court must accept all factual allegations of the complaint as true, construe them in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Cleary v. County of Macomb*, No. 09-1441, 2011 U.S. App. LEXIS 2132, at *31 (6th Cir. Feb. 2, 2011) (citing *Logsdon v. Hains*, 492 F.3d 334, 340 (6th Cir. 2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The denial of a motion to dismiss for failure to state a claim does not preclude a later summary judgment motion arguing that the plaintiff in fact cannot show evidence to support the claim. *Stemler*

*v. Florence*, 350 F.3d 578, 590 (6th Cir. 2003).

## III. Analysis

**A.)    Relevant Law**

The FDCPA distinguishes between "debt collectors" and "creditors."  "In general, a creditor is broadly defined as one who 'offers or extends credit creating a debt or to whom a debt is owed,' 15 U.S.C. § 1692a(4), whereas a debt collector is one who attempts to collect debts 'owed or due or asserted to be owed or due another.'  *Id.* § 1692a(6)." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).  "Creditors, 'who generally are restrained by the desire to protect their good will when collecting past due accounts,' S. Rep. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696, are not covered by the Act[;] [i]nstead, the Act is aimed at debt collectors." *Id.*

"An entity that acquires a current, non-defaulted debt in order simply to continue servicing it 'is acting much like the original creditor that created the debt.  On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector.'" *Sullivan v. Ocwen Loan Servicing LLC*, Civil Action No. 08-cv-02079, 2009 U.S. Dist. LEXIS 4184, at*4 (D. Colo. Jan. 14, 2009) (quoting *Schlosser*, 323 F.3d at 536). Accordingly, the FDCPA looks at the status of the debt at the time it is acquired by the would-be collector to differentiate parties which ought to be treated as debt collectors from those which ought to be treated as creditors:

> (6) The term "debt collector" means any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

4

> owed or due another. . . . The term does *not* include –
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) *concerns a debt which was not in default at the time it was obtained by such person*.

15 U.S.C. § 1692a (emphasis added). That is, if the debt was in default at the time it was obtained (and other conditions apply), the collector is included § 1692a's definition of a debt collector and may be held liable under the FDCPA. If not, the collector may not be held liable. Here, Defendant argues that it cannot be held liable under the FDCPA because it is a mortgage servicer rather than a debt collector, (Def.'s Br. 5-6), and that Plaintiff "has failed to allege that the debt was in default at the time [Defendant] commenced servicing activities," (*id.* at 6-7).

**B.)     Mortgage Servicers under the FDCPA**

Defendant's first argument, that "[m]ortgage servicers such as [Defendant] cannot be held liable under the FDCPA," (*id.* at 5), is without merit. Defendant argues that "[i]t is well-settled that mortgage servicing companies such as [Defendant] are exempt from liability under the FDCPA," and adds that "[m]erely slapping the 'debt collector' label on [Defendant], without anything more, does not make it true." (*Id.*) Defendant is correct in asserting that the Plaintiff's branding Defendant as a "debt collector" is not dispositive. Defendant is incorrect in asserting that it has a talismanic defense simply because it chooses to dignify itself with the title "mortgage servicer." Neither Plaintiff's conclusory legal allegation nor Defendant's letterhead controls. Rather, application of the facts to the statute will determine whether Defendant is a debt collector as defined by the FDCPA. Nowhere

5

in the statute is a special exception carved out for mortgage servicers.

The cases cited by Defendant are not to the contrary. Defendant cites *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985), for the proposition that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as* the debt was not in default at the time it was assigned." *Id.* at 1208 (emphasis added).[1] It is the final modifier which is critical in this sentence, as it is critical in this case. Defendant properly raised this – the status of the debt at the time servicing commenced – as its second basis for requesting dismissal under Rule 12(b)(6).

**C.)    Status of the Debt when Obtained by Defendant**

Defendant's second argument is that Defendant "falls outside the definition of 'debt collector' because [Plaintiff] has failed to allege that the debt was in default at the time [Defendant] commenced servicing activities."[2] (Def.'s Br. 6.) It is true that Plaintiff never directly states that the debt was in default at the time it was obtained by Defendant. She never uses the word "default" in her Complaint. She never makes any reference to when the debt was obtained by Defendant. Read in the right (or wrong) light, the Complaint could permit inferences that Plaintiff never defaulted on the debt, that Defendant obtained the debt

---

[1] Defendant cites *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996), for the same proposition.

[2] Defendant also states in several places that Plaintiff or the Complaint failed to *show* that the loan was in default when Defendant obtained it. (*See* Def.'s Br. 6; Dkt. No. 5, Reply 1.) This misstates Plaintiff's burden at this (motion to dismiss) stage of the litigation.

before default, or even that Defendant had been servicing, and attempting to collect on, the home equity loan from the time Plaintiff first secured it. The question before this Court is whether, accepting all factual allegations in the Complaint as true, construing them in the light most favorable to Plaintiff, and drawing all reasonable inferences in her favor, the Complaint has enough factual matter to suggest that Plaintiff is entitled to relief. *See Scheuer*, 416 U.S. at 236; *Logsdon*, 492 F.3d at 340; *Twombly*, 127 S. Ct. at 1965. There are two potential impediments to the suggestion that Plaintiff is entitled to relief: (1) Plaintiff's failure to directly allege default and (2) Plaintiff's failure to directly allege a timeline for Defendant's obtaining the debt.

### 1.) Direct allegation of default

In her Complaint, Plaintiff does not state her home equity loan was in default. Rather, she states that she "was not legally responsible and/or obligated to pay the debt" because the debt "had been discharged by bankruptcy proceeding that was finalized in or around January of 2008." (Compl. ¶¶ 17-18.) The FDCPA applies only if the debt was obtained when it was in default, *see* 15 U.S.C. § 1692a(6)(F)(iii). Defendant argues that it is entitled to dismissal because Plaintiff failed to plead that the debt was in default.

In a well reasoned and persuasive opinion, the Seventh Circuit held that when debt is obtained under the mistaken belief that it is in default and the party who obtained the debt on that basis pursues collections, that party is subject to the FDCPA. *Schlosser*, 323 F.3d at 539 ("We . . . hold that, based on the allegations of the complaint, the exclusion in

1692a(6)(F)(iii) does not apply because [the defendent] attempted to collect on a debt that it asserted to be in default and because that asserted default existed when [the defendant] acquired the debt."). The Court finds the Seventh Circuit's reasoning in that case to be persuasive.[3]

Here, the allegations in the Complaint are more than sufficient to suggest that Defendant believed the debt to be in default when it engaged in collection activities. As Plaintiff believed that her debt had been discharged by bankruptcy proceedings in January of 2008, she had undoubtedly ceased payments on the debt well before Defendant's 2010 collection activities. (*See* Compl. ¶¶ 15, 17.) The Complaint is likewise clear that Defendant believed nonpayment to be an event of default. (*See id.* ¶ 30 (quoting Defendant to say "[l]ate payments, missed payments, or *other defaults* on your account may be reflected in your credit report" (emphasis added)).) Accepting the allegations of the Complaint as true, Defendant continued to believe that the debt was extant and that Plaintiff had not been

---

[3] This holding comports with holdings of the Sixth Circuit and other courts. *See Schroyer v. Frankel*, 197 F.3d 1170, 1178 (6th Cir. 1999) ("The FDCPA holds 'debt collectors liable for various abusive, deceptive, and unfair debt collection practices' regardless of whether the debt is valid.") (quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992)); *id.* ("FDCPA claims have 'nothing to do with whether the underlying debt is valid' and instead concern 'the method of collecting the debt.'" (quoting *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), *aff'd*, 66 F.3d 342 (11th Cir. 1995))); *see also Baker v. G. C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. Or. 1982) (holding the same); *Fedotov v. Peter T. Roach & Assocs., P.C.*, 354 F. Supp. 2d 471, 476 (S.D.N.Y. 2005) ("Whether a valid debt actually exists – either at the time a FDCPA action is filed or even at the time the allegedly offending collection practice is employed – is irrelevant to identifying a violation of the Act.").

paying on the debt. (*See id.* ¶ 22.) Defendant pursued collections on that basis. (*See id.* ¶ 23.) The Court finds on this basis that the Complaint alleges sufficiently that Defendant believed the debt to be in default and that Defendant pursued collections as if the debt was in default. For those reasons, the Court holds that Plaintiff's failure to directly allege that the debt was in default is not fatal to her Complaint.[4]

### 2.) Direct allegation of default *when obtained by Defendant*

The Court finds that the allegations of the Complaint are also more than sufficient to suggest that Defendant believed the home equity loan to be in default at the time it obtained the debt. Again, Plaintiff alleges that she believed that her debt had been discharged by bankruptcy proceedings in January 2008. (*See* Compl. ¶¶ 15.) She undoubtedly ceased payments at that point, if not before. The Complaint alleges no collection activity by Defendant for two years. Given even a basic understanding of the practices of debt collectors (or mortgage servicers), and drawing all reasonable inferences in Plaintiff's favor,

---

[4] The Court notes that another court, in the same circumstances and with the same Defendant, has held the same. In *Sullivan v. Ocwen Loan Servicing, LLC*, the United States District Court for the District of Colorado stated that:
> Here, Plaintiff has pleaded that [a creditor] assigned an alleged debt which Plaintiff was no longer paying (because it had been discharged) to a licensed collection agency, Defendant. There is no indication that Plaintiff made any payment on the mortgage between October 2005, when she filed for bankruptcy, and April 2006, when the mortgage was purportedly assigned. Based on the pleaded allegations, it is plausible and perhaps even likely that Defendant mistakenly considered the alleged debt to be in default at the time Defendant obtained it, and treated it as such. If so, then the exclusion set forth in 15 U.S.C. § 1692a(6)(F)(iii) does not apply to Defendant.

2009 U.S. Dist. LEXIS 4184, at *5-6.

it appears from the face of the Complaint that Defendant obtained the debt shortly before it began collection efforts in January 2010. At that point, Plaintiff would not have been making payments for nearly two years. The Court finds on this basis that the Complaint alleges sufficiently that Defendant believed the debt to be in default when it obtained the debt.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss will be denied. As in *Sullivan*, "[w]hether Defendant was a 'debt collector' under the FDCPA . . . is tied to the factual circumstances surrounding the assignment of the alleged debt, an issue not properly resolved on a Rule 12(b)(6) motion to dismiss," at least where Plaintiff's allegations are sufficient to suggest that Defendant was a debt collector. 2009 U.S. Dist. LEXIS 4184, at *6. As noted above, the denial of a motion to dismiss for failure to state a claim does not preclude a later summary judgment motion arguing that Plaintiff cannot in fact show evidence to support the claim. An order consistent with this opinion shall be entered.

Dated: <u>April 6, 2011</u>　　　　　　　　　　　　　<u>/s/ Robert Holmes Bell</u>
　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE